The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PUMA SE, and PUMA North America Inc.,

               Plaintiff,

     v.

Brooks Sports, Inc.,

               Defendant.

CASE NO. 2:24-cv-00940-JLR

**STIPULATED PROTECTIVE ORDER**

1.    <u>PURPOSES AND LIMITATIONS</u>

      Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.    "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: non-public information concerning or containing business operations and business plans, research and development, sales and marketing, personal identifying or financial information, a party or non-party's trade secrets or intellectual property, manufacturing processes or partners, product specifications or plans, distribution processes or partners, technical and development information, or other proprietary or confidential business, commercial, or financial information of commercial value, the disclosure of which is likely to cause competitive harm, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a court ("Third-Party Materials").

"Attorneys' Eyes Only" material shall include proprietary business, financial, and intellectual property information and trade secrets that are more sensitive or strategic than confidential material, the disclosure of which is likely to cause significant competitive harm. Third-Party Materials are not automatically entitled to "Attorneys' Eyes Only" protection. However, nothing precludes "Attorney's Eyes Only" protection for Third-Party Materials if the standard set forth in this paragraph is satisfied.

"Outside Counsel Only – Prosecution Bar" material shall include highly sensitive manufacturing information,  technical product design information, design, research and development, manufacturing, or technical plans for products in development, and other highly sensitive proprietary technical or trade secret information related to manufacturing or technical product design that is more sensitive or strategic than Attorneys' Eyes Only material, the inadvertent disclosure of which is likely to cause significant competitive harm. For avoidance of doubt, information that does not relate to manufacturing or technical product design (e.g., information related to advertising, marketing, or sales figures) for products in development cannot be designated as "Outside Counsel Only – Prosecution Bar." Furthermore, information that relates exclusively to manufacturing or technical product design for products that have been made

available to the public as of the date of the designation of that information under this order cannot be designated as "Outside Counsel Only – Prosecution Bar." Third-Party Materials are not automatically entitled to "Outside Counsel Only – Prosecution Bar" protection. However, nothing precludes "Outside Counsel Only – Prosecution Bar" protection for Third-Party Materials if the standard set forth in this paragraph is satisfied.

3.    SCOPE

3.1    General. This Order governs the production and handling of any protected information in this action including all hardcopy and electronic materials. Any party or non-party who produces protected information in this action may designate it as "Confidential"; "Attorneys' Eyes Only"; or "Outside Counsel Only - Prosecution Bar" consistent with the terms of this Order. The protections conferred by this Order cover not only "Confidential," "Attorneys' Eyes Only, " and "Outside Counsel Only - Prosecution Bar" material (as defined above), but also (1) any information copied or extracted from "Confidential," "Attorneys' Eyes Only, " or "Outside Counsel Only - Prosecution Bar" material; (2) all copies, excerpts, summaries, or compilations of "Confidential," "Attorneys' Eyes Only, " and "Outside Counsel Only - Prosecution Bar" material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal "Confidential," "Attorneys' Eyes Only, " and "Outside Counsel Only - Prosecution Bar" material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise, unless such information is disclosed by the Receiving Party in violation of this Order. Nothing herein shall be construed as an admission or concession by any party that designated "Confidential," "Attorneys' Eyes Only," or "Outside Counsel Only - Prosecution Bar" materials, or any document or information derived from those materials, constitutes material, relevant, or admissible evidence in this matter.

"Designating Party" means the party or non-party who so designates the protected information; "Receiving Party" means the party or non-party to whom such information was produced or disclosed. Whenever possible, the Designating Party must designate only those

STIPULATED PROTECTIVE ORDER

portions of a document, deposition, transcript, or other material that contain the protected information and refrain from designating entire documents. Regardless of any designations made hereunder, the Designating Party is not otherwise restricted from use or disclosure of its protected information outside of this action. In addition, any party may move to modify or seek other relief from any of the terms of this Order if it has first tried in writing and in good faith to resolve its needs or disputes with the other party(ies) pursuant to the terms of this Order and LCR 37.

This Order is binding on all parties, their employees, and their counsel in this proceeding, upon all signatories to Exhibit A, and upon (as applicable) their respective corporate parents, subsidiaries, and affiliates, including their successors, and their respective attorneys, principals, experts, consultants, representatives, directors, officers, and employees.

3.2     <u>Application to Third Parties</u>.  Third parties who are obligated to produce material in this action and who so elect may avail themselves of, and agree to be bound, by the terms and conditions of this Order by signing the acknowledgement to be bound attached hereto as Exhibit A.

Before a third party is given copies of designated information as permitted hereunder, the Designating Party must be notified and be given an opportunity to object. If the Designating Party wishes to lodge an objection, it must do so within 15 days of being notified, and the parties must resolve any such objection before making disclosure of designated information as permitted hereunder to the third party. Otherwise, if the Designating Party does not object within 15 days of being notified, disclosure of designated information as permitted hereunder may be made to the third party. Prior to receiving copies of designated information, the third party must first sign the acknowledgment to be bound to these terms that is attached hereto as Exhibit A; if it fails to do so, the parties to this action must resolve any such dispute before making disclosure of designated information as permitted hereunder to the third party. For avoidance of confusion, this paragraph does not apply to the parties' experts, consultants, or employees.

4.     <u>ACCESS TO AND USE OF CONFIDENTIAL MATERIAL</u>

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:24-CV-00940-JLR  - 4

4.1    <u>Basic Principles</u>.  Information that is produced or exchanged in the course of this action and designated under this Order may be used solely for the preparation, trial, and any appeal of this action, as well as related settlement negotiations, and for no other purpose, including business, marketing, research and development, competitive or other non-litigation purposes, prosecution, drafting, or editing of any new or existing patent applications or claims, or in any other litigation proceeding, without the written consent of the Designating Party. No designated information may be disclosed to any person except in accordance with the terms of this Order. This Order shall not bar any counsel from rendering legal advice to such attorney's client in this action that is based in part on the attorney's analysis or evaluation of materials designated as "Confidential," "Attorneys' Eyes Only," or "Outside Counsel Only  - Prosecution Bar" that are produced, exchanged, or provided in this action, provided, however, that in rendering such advice and otherwise communicating with their client, the attorney shall not disclose the substance of any materials designated under this agreement contrary to the terms of this Order.

All persons in possession of designated information agree to exercise reasonable care with regard to the custody, use, or storage of such information to ensure that its confidentiality is maintained. This obligation includes, but is not limited to, the Receiving Party providing to the Designating Party prompt notice of the receipt of any subpoena that seeks production or disclosure of any designated information and consulting with the Designating Party before responding to the subpoena, pursuant to Section VII of this Order. Any use or disclosure of Confidential, Attorneys' Eyes Only, or Outside Counsel Only - Prosecution Bar information in violation of the terms of this Order may subject the disclosing person or party to sanctions.

4.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any "Confidential" material only to:

(a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary for this litigation;

(c)    the receiving party's in-house counsel and their legal support staff;

(d)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)    the court, court personnel, and court reporters and their staff;

(f)    copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(g)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(h)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3    Disclosure of "ATTORNEYS' EYES ONLY" Information.    Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any "Attorneys' Eyes Only" material only to:

(a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    two members of the receiving party's in-house counsel team, so long as each designated member signs the acknowledgement to be bound attached hereto as Exhibit A;

(c)    experts and consultants employed by the parties or their counsel for

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:24-CV-00940-JLR  - 6

1  purposes of this action to whom disclosure is reasonably necessary for this litigation and who have

2  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

3          (d)     the court, court personnel, and court reporters and their staff;

4          (e)     copy or imaging services retained by counsel to assist in the duplication of

5  confidential material, provided that counsel for the party retaining the copy or imaging service

6  instructs the service not to disclose any confidential material to third parties and to immediately

7  return all originals and copies of any confidential material;

8          (f)     during their depositions, witnesses in the action to whom disclosure is

9  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

10  (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

11  transcribed deposition testimony or exhibits to depositions that reveal confidential material must

12  be separately bound by the court reporter and may not be disclosed to anyone except as permitted

13  under this agreement;

14          (g)     the author or recipient of a document containing the information or a

15  custodian or other person who otherwise possessed or knew the information.

16          To the extent necessary for any discussions between the parties' business principals, the

17  parties shall work in good faith to re-designate certain "Attorneys' Eyes Only" information as

18  "Confidential."

19          4.4     Disclosure of "OUTSIDE COUNSEL ONLY – PROSECUTION BAR"

20  Information.  Unless otherwise ordered by the court or permitted in writing by the designating

21  party, a receiving party may disclose any "Outside Counsel Only - Prosecution Bar" material only

22  to:

23          (a)     the receiving party's outside counsel of record in this action, as well as

24  employees of outside counsel to whom it is reasonably necessary to disclose the information for

25  this litigation;

26          (b)     experts and consultants employed by the parties or counsel for purposes of

   this action to whom disclosure is reasonably necessary for this litigation and who have signed the

1  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

2       (c)    the court, court personnel, and court reporters and their staff;

3       (d)    copy or imaging services retained by counsel to assist in the duplication of
4  confidential material, provided that counsel for the party retaining the copy or imaging service
5  instructs the service not to disclose any confidential material to third parties and to immediately
6  return all originals and copies of any confidential material;

7       (e)    during their depositions, witnesses in the action to whom disclosure is
8  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"
9  (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of
10 transcribed deposition testimony or exhibits to depositions that reveal confidential material must
11 be separately bound by the court reporter and may not be disclosed to anyone except as permitted
12 under this agreement;

13      (f)    the author or recipient of a document containing the information or a
14 custodian or other person who otherwise possessed or knew the information.

15      To the extent necessary for any discussions between the parties' business principals and/or
16 in-house counsel, the parties shall work in good faith to re-designate certain "Outside Counsel
17 Only - Prosecution Bar" information as "Attorneys' Eyes Only," or as "Confidential."

18      4.5    Further Requirements with Respect to Disclosure of Confidential Information.  Any
19 person who has access to OUTSIDE COUNSEL ONLY – PROSECUTION BAR information may
20 not, commencing on the date they first obtain access to such information and continuing for one
21 year following final termination of this litigation, including all appeals, work on or participate in,
22 directly or indirectly, drafting or editing of any claims of an issued or unissued patent or patent
23 application related to a patent asserted at any time after the date of this Order against a party in
24 this litigation, provided, however, that such a person may provide legal advice concerning the
25 drafting or editing of a claim of an issued or unissued patent if (a) such claim is asserted only
26 against a product that is publicly available at the time of the advice, and (b)  the legal advice is

derived entirely from publicly-available information. For clarity, nothing herein shall preclude any person who qualifies for access to confidential material under Sections 4.4 (a), (b), or (e) from performing work on any post-grant proceedings before the Patent Trial and Appeal Board or ex parte reexamination proceedings before the Patent and Trademark Office, or any pre- or post-grant opposition proceeding or invalidation request proceedings before a foreign patent office or court. Also for clarity, a person who does not have access to OUTSIDE COUNSEL ONLY – PROSECUTION BAR information (i.e., who does not have access to a database where OUTSIDE COUNSEL ONLY – PROSECUTION BAR information is stored, does not receive electronic or hard copies of OUTSIDE COUNSEL ONLY – PROSECUTION BAR information, and does not receive OUTSIDE COUNSEL ONLY – PROSECUTION BAR  information verbally) will not be subject to the restrictions of this paragraph.

4.6    <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

4.7    <u>Review of Witness Acknowledgments</u>.  At any time and for any purpose, including to monitor compliance with the terms hereof, any Designating Party may demand to review all

copies of Exhibit A in any Receiving Party's possession. The Receiving Party must, within 3 business days of the demand, provide all such copies to the Designating Party making the demand. Notwithstanding the foregoing, if the Receiving Party has retained an expert whose identity has not yet been disclosed to the Designating Party, the Receiving Party may generically identify how many acknowledgments that it has in its possession attributable to non-disclosed experts, whose acknowledgements must later be provided contemporaneously with any reports issued by one or more of said experts. If a Receiving Party is not required to disclose the identity of any consulting experts, it may not be compelled to produce any acknowledgments from those experts to the Designating Party. However, if the Designating Party provides to the Court evidence of breach of this Order via unauthorized leak of designated information, the Court may require an in camera production of all acknowledgments held by a Receiving Party in order to determine breach and consider enforcement of this Order.

  4.8 <u>Non-Waiver Effect of Designations</u>. Neither the taking of, nor the failure to take, any action to enforce the provisions of this Order, nor the failure to object to any designation, will constitute a waiver of any party's claim or defense in this action or any other action or proceeding, including but not limited to a claim or defense that any designated information is or is not confidential, is or is not entitled to particular protection, or embodies or does not embody information protectable by law.

  4.9 <u>In-Court Use of Protected Material</u>. If information designated pursuant to this Order will or may be offered in evidence at a hearing or trial, then the offering party is responsible for making the Court and the Designating Party aware that it is offering designated information into evidence.

  Nothing in this Order shall be construed as a waiver by a party of any objections that may be raised as to the admissibility at trial of any evidentiary materials.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

  5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party

or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)    <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the words "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "OUTSIDE COUNSEL ONLY - PROSECUTION BAR" to each page that contains protectable material, with the exception of documents produced in native format, for which the designating party must affix the words "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "OUTSIDE COUNSEL ONLY - PROSECUTION BAR" to a covering slipsheet and/or rename the native document to include the confidentiality designation. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate

markings in the margins).

(b)    <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate in writing which portions of the transcript, or exhibits thereto, are confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)    <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the words "CONFIDENTIAL," ATTORNEYS' EYES ONLY, or "OUTSIDE COUNSEL ONLY    - PROSECUTION BAR." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.  Unless and until the challenge is resolved by the parties or ruled upon by the Court, the designated information will remain protected under this Order. The failure

of any receiving party to challenge a designation does not constitute a concession that the designation is proper or an admission that the designated information is otherwise competent, relevant, or material.

6.2    <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "OUTSIDE COUNSEL ONLY - PROSECUTION BAR," that party must:

(a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is

subject to this agreement. Such notification shall include a copy of this agreement; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

Upon receipt of notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the subpoena or court order, otherwise oppose the disclosure of the "Confidential," "Attorneys' Eyes Only," or "Outside Counsel Only - Prosecution Bar" material, to the fullest extent available under law, by the person or entity issuing the subpoena or order. The party who received the subpoena or court order shall not oppose or otherwise interfere with the Designating Party's effort to quash, or limit the subpoena or order.

8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

9.1    Failure to Make Designation.  If, at any time, a party or non-party discovers that it produced or disclosed protected information without designation, it may promptly notify the Receiving Party and identify with particularity the information to be designated and the level of designation (the claw-back notification). The Receiving Party may then request substitute production of the newly-designated information. Within 30 days of receiving the claw-back notification, the Receiving Party must (1) certify to the Designating Party it has appropriately marked or, if substitute production has been requested, destroyed all unmarked copies that it

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:24-CV-00940-JLR  - 14

received, made, and/or distributed; and (2) if it was practicably unable to mark or destroy any information because disclosures occurred while the Receiving Party was under no duty of confidentiality under the terms of this Order regarding that information, the Receiving Party must reasonably provide as much information as practicable to aid the Designating Party in protecting the information, consistently with the Receiving Party's attorney-client, work-product, and/or trial-preparation privileges.

9.2    <u>Inadvertent Production of Privileged Information</u>.  If, at any time, a party discovers that it produced information that it reasonably believes is subject to protection under the attorney/client, work-product, or trial-preparation privileges, then it must promptly notify each Receiving Party of the claim for protection, the basis for it, amend its privilege log accordingly, and comply with Fed. R. Civ. P. 26(b)(5). When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Whenever practicable, the producing party must produce substitute information that redacts the information subject to the claimed protection. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein. The parties must also comply with LCR 37 before seeking Court intervention to resolve any related dispute.

10.    <u>TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals or the expiration of the deadlines for appeal, each receiving party must return or destroy all confidential material to the producing party at the request of the producing party, including all copies, extracts and summaries thereof and  certify that all designated information has been returned or destroyed.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

1    The confidentiality obligations imposed by this agreement survive the conclusion of this

2    action and shall remain in effect until a designating party agrees otherwise in writing or a court

3    orders otherwise.

4

5    11.    <u>REQUESTS TO SEAL</u>

6         This protective order does not authorize a party to file or maintain a document under seal. Any

7    party that seeks to file any document, or any portion of a document, under seal, and any party that

8    opposes its maintenance under seal, must comply with LCR 5(g).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:24-CV-00940-JLR  - 16

1

2          PURSUANT TO STIPULATION, IT IS SO ORDERED

3          IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

4    documents, electronically stored information (ESI) or information, whether inadvertent or

5    otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or

6    state proceeding, constitute a waiver by the producing party of any privilege applicable to those

7    documents, including the attorney-client privilege, attorney work-product protection, or any other

8    privilege or protection recognized by law. This Order shall be interpreted to provide the maximum

9    protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply.

10   Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review

11   of documents, ESI or information (including metadata) for relevance, responsiveness and/or

12   segregation of privileged and/or protected information before production.  Information produced

13   in discovery that is protected as privileged or work product shall be immediately returned to the

14   producing party.

15

16        DATED:  December 27, 2024

17

18                                                      James L. Robart
                                                        United States District Court Judge
19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:24-CV-00940-JLR  - 17

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington on [date] in the

case of _____ **[insert formal name of the case and the number and initials

assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:24-CV-00940-JLR  - 18